**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5015**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY RICHARDSON, a/k/a Ice,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:09-cr-00015-JRS-1)

Submitted: June 30, 2011          Decided: August 4, 2011

Before GREGORY, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bobby Richardson of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (2006); distribution of heroin, in violation of § 841(a); possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006); and six counts of forging currency, in violation of 18 U.S.C. § 471 (2006). The district court sentenced him to 288 months' imprisonment. Counsel has submitted this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious issues for appeal but asking this court to review the validity of the warrant to search Richardson's business and the reasonableness of Richardson's sentence. Richardson has filed pro se supplemental briefs. After our initial review, we ordered the parties to address whether the district court adequately stated its reasons for imposing the chosen sentence and, if not, whether its failure to do so constitutes harmless error. Having fully considered the arguments raised by Richardson and the Government,[*] we affirm.

---

[*] In his pro se briefs, Richardson contends that the prosecutor improperly vouched for the credibility of an informant during closing argument. We have reviewed this claim and conclude that it lacks merit. Richardson also asserts that counsel rendered ineffective assistance by failing to discover that Richardson's prior convictions were invalid. We decline to review this claim on direct appeal. United States v. (Continued)

2

Richardson first challenges the validity of the search warrant. The relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005). In conducting this inquiry, we avoid applying "'hypertechnical' scrutiny of affidavits lest police officers be encouraged to forgo the warrant application process altogether." United States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001) (quoting Gates, 462 U.S. at 236). This court reviews the district court's "factual findings underlying a motion to suppress for clear error[] and . . . legal determinations de novo." Grossman, 400 F.3d at 216. Our review of the record leads us to conclude that the district court's factual findings were not clearly erroneous, that the warrant was valid and supported by probable cause, and that the district court did not err in denying Richardson's motion to suppress.

Richardson also challenges the reasonableness of his sentence. This court applies an abuse of discretion standard of review as to this claim. Gall v. United States, 552 U.S. 38, 51

Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (providing standard).

(2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," id. (internal quotation marks omitted), such that the appellate court need "not guess at the district court's rationale." Id. at 329.

Richardson correctly asserts that the district court failed to offer any explanation for the sentence it imposed, thereby rendering the sentence procedurally unreasonable. Thus, "we [must] reverse unless . . . the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). "[T]he [G]overnment may avoid reversal . . . if it demonstrates that

the error did not have a substantial and injurious effect or influence on the result and we can [] say with . . . fair assurance[] . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks omitted); Lynn, 592 F.3d at 585. With this standard in mind, we conclude that the Government satisfied its burden of proving that the district court's procedural error was harmless. See United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006) (stating burden). Finally, although Richardson asserts that his within-Guidelines sentence was substantively unreasonable, we reject his claim. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable."). Thus, the district court did not abuse its discretion in sentencing Richardson.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but counsel believes that such a petition would be

5

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED